Dolma v. Lynch

BIA
Balasquide, IJ
A089 922 586

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of October, two thousand sixteen.

PRESENT:
        JON O. NEWMAN,
        DENNIS JACOBS,
        PETER W. HALL,
           *Circuit Judges.*

_____

TSHERING DOLMA,
        *Petitioner,*

        v.                       11-4718
                                   NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, N.Y.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Alison Marie Igoe, Jeffrey L. Menkin, Senior Counsel for National Security, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED IN PART AND DENIED IN PART.

Petitioner Tshering Dolma, a native and citizen of China, seeks review of an October 11, 2011, decision of the BIA affirming an August 19, 2010, decision of an Immigration Judge ("IJ") denying Dolma's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tshering Dolma,* No. A089 922 586 (B.I.A. Oct. 11, 2011), *aff'g* No. A089 922 586 (Immig. Ct. N.Y. City Aug. 19, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decisions of both the IJ and BIA "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

I. Asylum and Withholding of Removal

We "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). This

jurisdictional rule is absolute with respect to the requirement that the alien raise on appeal to the BIA each category of relief subsequently raised in this Court. *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

We lack jurisdiction to consider Dolma's unexhausted challenges to the agency's denial of asylum and withholding of removal, which was based on a determination that she provided material support to a terrorist organization and was therefore ineligible for these forms of relief. 8 U.S.C. § 1252(d)(1); *Karaj*, 462 F.3d at 119. Dolma did not press her claims for asylum and withholding of removal on appeal to the BIA, which should come as no surprise because she conceded before the IJ that she was ineligible for these forms of relief for having provided material support. Her one sentence reference to asylum and withholding of removal was not enough. *See Karaj*, 462 F.3d at 119. We therefore lack jurisdiction over Dolma's unexhausted challenges to the denial of asylum and withholding of removal.

II.  Deferral of Removal under the CAT

Deferral of removal remains available for aliens deemed to have provided material support. *Matter of M-H-Z-*, 26 I. & N. Dec. 757, 764 n.7 (B.I.A. 2016) ("The material support bar does not preclude deferral of removal under the Convention Against

Torture pursuant to 8 C.F.R. § 1208.17."). To demonstrate eligibility for CAT deferral, an applicant must show that it is more likely than not that she will be tortured in her country of removal; the torture must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1), (7).

Dolma devotes very little space to her CAT claim and mentions only her fear of torture by Maoists in Nepal, not any harm as a Tibetan in China. The agency reasonably concluded that Dolma did not meet her burden for CAT deferral. *See In re M-B-A-*, 23 I. & N. Dec. 474, 479-80 (B.I.A. 2002) (A claim "based on a chain of assumptions and a fear of what might happen" is insufficient to demonstrate eligibility for CAT relief); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). The description of conditions in Nepal does not reflect the torture of Tibetans or that Dolma would be targeted for torture by Maoists. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 161 (2d Cir. 2008) ("We do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency."); *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008)

4

(observing that to establish a fear of harm, in the absence of any evidence of past harm, "an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities"); *Matter of M-B-A-*, 23 I. & N. Dec. at 479-80.

For the foregoing reasons, the petition for review is DISMISSED IN PART AND DENIED IN PART. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk